■ The People of the State of New York, Respondent, v Philip Whitley, Appellant. [621 NYS2d 336] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered November 4, 1992, convicting defendant, after a jury trial, of rape in the first degree, robbery in the first degree and sodomy in the first degree, and sentencing him, as a second felony offender, to three consecutive terms of 7½ to 15 years, unanimously affirmed.

Complainant's detailed testimony, credited by the jury, that defendant and his friends forcibly took her possessions and repeatedly attacked her sexually was sufficient to convict defendant of the rape, robbery and sodomy charges *(see, People v Johnson,* 57 NY2d 969). Moreover, complainant's testimony about the sexual attack was corroborated by the medical

findings of the presence of sperm cells on the vaginal and rectal slides and on her clothing. Any minor inconsistencies in complainant's testimony were for the jury to consider.

Defendant's contention that his sentence was excessive and unduly harsh is without merit. Under Penal Law § 70.25 (2), concurrent sentences must be imposed when, *inter alia,* "more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission". Contrary to defendant's argument, complainant's testimony clearly indicated that the offenses committed by defendant were separate and distinct acts, namely the robbery on the elevator, the sodomy in one area of the terrace on the 19th floor and the rape in a side area of the terrace *(see, People v Jones,* 137 AD2d 766, 767-768). Thus, the imposition of consecutive sentences was permitted.

Moreover, in light of his criminal background, the sentence was not unduly harsh. Defendant was convicted in 1989 of criminal possession of a weapon and committed the instant crimes while on parole for a robbery conviction. The probation department described defendant as having "maladjusted sexual behavior" and a tendency to engage in "dangerous, aggressive criminal behavior". We note also that the brutal offenses were committed against complainant in the presence of her two young children. Finally, the 7½ to 15 year sentences were below the maximum that could have been imposed, namely 12½ to 25 years (Penal Law § 70.06 [3], [4]).

We have considered defendant's remaining contention and find it to be without merit. Concur—Rosenberger, J. P., Asch, Rubin and Nardelli, JJ.