■ In the Matter of TIFFANY MALIKA B., a Child Alleged to be Abandoned. CATHOLIC HOME BUREAU, Respondent; BEVERLY B., Appellant. [626 NYS2d 184] —Order of disposition, Family Court, New York County (Leah Marks, J.), entered on or about December 23, 1992, which terminated respondent's parental rights and committed the child to the custody of the Commissioner of Social Services for the purpose of adoption by her foster mother and dismissed a custody petition filed by respondent's sister, which order was made after a fact-finding

determination that respondent had abandoned her daughter pursuant to Social Services Law § 384-b, unanimously affirmed, without costs.

Contrary to respondent's contention, the court's determination at the dispositional hearing was properly based solely on the best interests of the child; there is no presumption that such interests will best be served by placement with the natural parent (Matter of Star Leslie W., 63 NY2d 136, 147-148), and no member of the child's extended biological family has any special right to custody (Matter of Peter L., 59 NY2d 513, 520). A blood relative does not take precedence over a prospective adoptive parent selected by the authorized agency, and the fact that respondent's sister would be a good caretaker is not a sufficient reason to remove the child from the only home she has ever known and from a family with whom she had bonded (see, Matter of D. Children, 177 AD2d 393, appeal dismissed 79 NY2d 911). The credible evidence supported the court's ruling that the child's best interests were served by allowing her adoption by the foster mother. Concur —Murphy, P. J., Rubin, Ross, Williams and Tom, JJ.