■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD DAILY, Appellant. [647 NYS2d 502] —Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered July 12, 1994, convicting defendant, after a jury trial, of rape in the first degree and burglary in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $7^1/_2$ to 15 years and $3^1/_2$ to 7 years, respectively, unanimously affirmed.

Defendant's guilt was based on legally sufficient evidence and was not against the weight of the evidence. The complainant's testimony, credited by the jury, that defendant, a long-time friend of the complainant's brother, arrived at her apartment, forced his way into the apartment and attacked her sexually, was sufficient to convict defendant of the rape and burglary charges. Any inconsistencies in the complainant's testimony were for the jury to consider (*see, People v Whitley*, 211 AD2d 528, *lv denied* 85 NY2d 982), and we see no reason to disturb its verdict. Concur—Sullivan, J. P., Rosenberger, Kupferman, Tom and Mazzarelli, JJ.

■ In the Matter of ANTHONY JULIUS A., a Child Alleged to be Abandoned. DORIS A., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [647 NYS2d 212] —Orders, Family Court, New York County (Sarah Schechter, J.), entered on or about June 6, 1994 and December 29, 1994, which suspended appellant's rights to visitation and terminated her parental rights on the ground of abandonment, respectively, unanimously affirmed, without costs.

Clear and convincing evidence supports Family Court's finding that appellant failed to visit or communicate with the subject child for more than six months prior to the filing of the petition, and that appellant's drug addiction did not permeate her life to such an extent that contact was not feasible (*Matter of I. R.*, 153 AD2d 559; *Matter of Catholic Child Care Socy. [Danny R.]*, 112 AD2d 1039). As noted by the Family Court, while the mother appears to have made great strides in her life, her improvement came too late. There is no merit to appellant's contention that her parental rights could not be terminated unless the child had first been placed in the care of an authorized agency. Direct placement authorized by the Family Court can also be a predicate for a termination of parental rights proceeding (*Matter of Dale P.*, 84 NY2d 72). Concur—Sullivan, J. P., Rosenberger, Kupferman, Tom and Mazzarelli, JJ.