■ In the Matter of JAY SCOTT P., JR., and Another, Children Alleged to be Permanently Neglected. JAY SCOTT P., SR., Appellant; JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 1.) [665 NYS2d 199] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from two orders, one adjudicating his two children to be permanently neglected and the other adjudicating them to be abandoned. The orders also transfer respondent's guardianship and custody rights to petitioner, Jefferson County Department of Social Services (DSS), and authorize DSS to consent to the adoption of the children. The children have been in foster care since 1992, when they were taken into protective custody by DSS. In 1994, one child was adjudicated to be neglected and the other child was adjudicated to be abused, and, in 1995, DSS filed the instant permanent neglect and abandonment petitions.

We reject the contention of respondent that Family Court erred in concluding that DSS met its burden of proving, by clear and convincing evidence, that it had engaged in diligent efforts to encourage, strengthen and nurture a meaningful relationship between respondent and his children (see, Social Services Law § 384-b [7] [a], [f]; Matter of Katara F., 231 AD2d 844, lv denied 89 NY2d 805). "[A]n agency that has embarked on a diligent course but faces an utterly uncooperative or indifferent parent should nevertheless be deemed to have fulfilled its duty" (Matter of Sheila G., 61 NY2d 368, 385; see, Matter of Michael M., 172 AD2d 152). The evidence establishes that, although DSS made repeated and meaningful efforts to assist respondent in overcoming his parental inadequacies, in obtaining counseling and in encouraging the development of the parent-child relationship, its efforts were futile because respondent made no efforts to correct the circumstances that initially required removal of the children (see, Social Services Law § 384-b [7] [c]; Matter of Nathaniel T., 67 NY2d 838, 842; Matter of John F., 221 AD2d 858, 860-861, lv denied 88 NY2d 811; Matter of Charles R., 127 AD2d 975, 976).

We reject the further contention of respondent that DSS failed to establish by clear and convincing evidence that he failed to communicate with his children and DSS for the six-

month period before the filing of the abandonment petition (*see, Matter of Christopher MM.*, 210 AD2d 767, *lv denied* 85 NY2d 807). "[A] child is 'abandoned' by his parent if such parent evinces an intent to forego his * * * parental rights and obligations as manifested by his * * * failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" (Social Services Law § 384-b [5] [a]; *see, Matter of Tasha B.*, 240 AD2d 778). During the critical time period, respondent failed to contact DSS regarding the children's welfare and did not attempt to communicate with the children. Respondent's last contact with DSS was in a telephone conversation with the children's caseworker on July 15, 1994, nine months before the filing of the abandonment petitions. That same month, respondent told the caseworker not to contact him again. Nevertheless, the caseworker continued to communicate with respondent in an unsuccessful attempt to arrange meetings to discuss the children and to persuade him to attend service plan reviews. We reject also the contention of respondent that he was unable to contact the children because an order of protection was in effect during the critical time period. Respondent failed to seek the permission of the court to arrange any "other [appropriate] types of contact" with the children (*Matter of Naticia Q.*, 226 AD2d 755, 756; *see, Matter of Charmaine T.*, 173 AD2d 625, 627).

Finally, the contention of respondent that his alleged mental illness impeded his ability to contact the children or cooperate with DSS is not supported by the record. There is no proof that respondent's alleged mental illness so "permeate[d] [respondent's] life * * * that contact was not feasible" (*Matter of Anthony Julius A.*, 231 AD2d 462).

We have reviewed respondent's remaining contentions and conclude that they are without merit. (Appeal from Order of Jefferson County Family Court, Hunt, J.—Terminate Parental Rights.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.