■ In the Matter of MARKUS R., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARET H.,

Appellant. (Appeal No. 1.) [708 NYS2d 792] —Order unanimously affirmed without costs. Memorandum: Family Court properly adjudicated respondent's two sons, Markus R. and Matthew R., to be permanently neglected and adjudicated respondent's daughter, Mariah R., to be abandoned. With respect to respondent's sons, petitioner met its burden of establishing by clear and convincing evidence that, despite petitioner's "diligent efforts to encourage and strengthen the parental relationship" (Family Ct Act § 614 [1] [c]), respondent failed to plan for their future. Although the court failed to comply with CPLR 4213 (b) by setting forth the facts it deemed essential to its decision (*see, Matter of Kelly G.*, 244 AD2d 709), the record is adequate to enable us to make the necessary findings (*see, Matter of Howard R.*, 258 AD2d 893). Contrary to respondent's contention, petitioner established that it made meaningful efforts to assist respondent in overcoming her parental inadequacies, particularly her substance abuse problem. Petitioner referred respondent to a substance abuse counselor, who in turn referred respondent to an inpatient program. However, respondent left the program after only three days. In addition, although the caseworker advised respondent of visitation and other services offered through Catholic Charities, respondent never pursued those services. Furthermore, although respondent inquired about procuring adequate housing on one occasion, the caseworker's attempt to assist respondent in that regard was thwarted when the caseworker was unable to locate respondent for several months. Thus, petitioner established that its "efforts were futile because respondent made no efforts to correct the circumstances that initially required removal of the children" (*Matter of J. Scott P.*, 244 AD2d 906). "[A]n agency that has embarked on a diligent course but faces an utterly un-co-operative or indifferent parent should nevertheless be deemed to have fulfilled its duty" (*Matter of Sheila G.*, 61 NY2d 368, 385; *see, Matter of Paulette B.*, 270 AD2d 949).

Contrary to respondent's contention, petitioner was not required to show that it made diligent efforts to encourage respondent to maintain contact with her daughter in order to establish abandonment (*see,* Social Services Law § 384-b [5] [b]). Petitioner met its burden of establishing by clear and convincing evidence that respondent failed to visit her daughter or communicate with her daughter or petitioner during the six-month period immediately preceding the filing of the abandonment petition (*see, Matter of Ariel C.*, 248 AD2d 976, *lv denied* 92 NY2d 801), and respondent offered no evidence to the contrary. (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Green, Hayes and Hurlbutt, JJ.