■ In the Matter of ALEXANDER B. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TROY B., Appellant. [716 NYS2d 253] —Order unanimously affirmed without costs. Memorandum: Family Court properly terminated respondent's parental rights pursuant to Social Services Law § 384-b (4) (b) on the ground of abandonment. Respondent contends that his contact with his children ended only because of his incarceration and that petitioner failed to make a diligent effort to locate him in prison. "Incarceration does not excuse a parent from establishing or maintaining contact with a child" (*Matter of Anthony M.*, 195 AD2d 315, 316). Respondent failed to rebut the presumption of abandonment (*see,* Social Services Law § 384-b [5] [a]). "Contrary to respondent's contention, petitioner was not required to show that it made diligent efforts to encourage respondent to maintain contact with his [children] in order to prevail on the abandonment petition" (*Matter of Christina S.*, 251 AD2d 982, 983; *see,* Social Services Law § 384-b [5] [b]; *Matter of Erica C.,* 257 AD2d 445, 446). Even if petitioner had been aware of respondent's incarceration, it was not "obligated to contact [respondent] and initiate efforts to encourage his parental relationship with [his children]" (*Matter of Shakim Ravon B.*, 257 AD2d 547). (Appeal from Order of Erie County Family Court, Townsend, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.