■ In the Matter of GORDON B.B. and Another, Infants. MONROE COUNTY DEPARTMENT OF HUMAN AND HEALTH SERVICES, Appellant; TIFFANY J., Respondent. (Proceeding No. 1.) In the Matter of VERONICA G.-M., Respondent, v MONROE COUNTY DEPARTMENT OF HUMAN AND HEALTH SERVICES, Appellant, and TIFFANY J. et al., Respondents. (Proceeding No. 2.) In the Matter of MARGARET B., Respondent, v MONROE COUNTY DEPARTMENT OF HUMAN AND HEALTH SERVICES, Appellant, and TIFFANY J., Respondent, et al., Respondent. (Proceeding No. 3.) In the Matter of GORDON B.B., an Infant. MONROE COUNTY DEPARTMENT OF HUMAN AND HEALTH SERVICES, Appellant; TIFFANY J., Respondent. (Proceeding No. 4.) In the Matter of SHYASIA M.M., an Infant. MONROE COUNTY DEPARTMENT OF HUMAN AND HEALTH SERVICES, Appellant; TIFFANY J., Respondent. (Proceeding No. 5.) [818 NYS2d 692]—

Appeal from an order of the Family Court, Monroe County (Marilyn O'Connor, J.), entered May 3, 2005 in proceedings pursuant to Social Services Law § 384-b and Family Court Act articles 6 and 10. The order, among other things, dismissed the petition in proceeding No. 1, awarded custody of Shyasia M.M. to petitioner Veronica G.-M. and awarded custody of Gordon B.B. to petitioner Margaret B.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: The Monroe County Department of Human and Health Services (Department) appeals from an order that, inter alia, dismissed the petition seeking to terminate the parental rights of Tiffany J. with respect to her son and daughter and granted the petition of Veronica G.-M., the daughter's paternal great aunt, seeking custody of the daughter. We reject the Department's contention that Family Court erred in considering that custody petition during the dispositional hearing. Where, as here, a relative who is not a parent of the child at issue petitions for custody of the child during the pendency of a permanent neglect proceeding, "the custody petition should be 'considered . . . in the context of a dispositional hearing conducted on the underlying permanent neglect petition' wherein the court will determine the best interests of the child[ ]" (Matter of Karen A.O. v Child Protective Servs., 6 AD3d 1100, 1100-1101 [2004]; see Matter of Carl G. v Oneida County Dept. of Social Servs., 24 AD3d 1274, 1275 [2005]). We reject the Department's further contention that the court erred in determining the issue of custody of the daughter. Veronica G.-M., a relative who is not a parent of the daughter, did not have a greater right to custody than the adoptive parents selected by the Department, who were at that time the daughter's foster parents (see Matter of Violetta K. v Mary K., 306 AD2d 480, 481 [2003]; Matter of Tiffany Malika B., 215 AD2d 200, 201 [1995], lv denied 86 NY2d 707 [1995]). Nevertheless, the record supports the court's determination that it is in the daughter's best interests to be placed in the custody of Veronica G.-M. rather than to commit the guardianship and custody of the daughter to the Department, whereupon the child would be available for adoption by the foster parents. In view of the court's award of

custody of the daughter to Veronica G.-M. and the court's determination that it is not in the daughter's best interests to commit the guardianship and custody of the daughter to the Department, the court properly dismissed that part of the petition seeking to terminate the parental rights of Tiffany J. with respect to her daughter (*see* Family Ct Act § 631). We have reviewed the Department's remaining contentions and conclude that they are without merit. Present—Kehoe, J.P., Gorski, Martoche, Green and Hayes, JJ.