■ In the Matter of MATTHEW E., Respondent, v ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. LAWRENCE F. KORZENIEWSKI, ESQ., Law Guardian, Appellant. In the Matter of MATTHEW E., Respondent, v IAN M., Respondent. LAWRENCE F. KORZENIEWSKI, ESQ., Law Guardian, Appellant. In the Matter of MATTHEW E., Respondent, v CHELSEA E., Respondent. LAWRENCE F. KORZENIEWSKI, ESQ., Law Guardian, Appellant. In the Matter of MICHAEL O. et al., Respondents, v ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. LAWRENCE F. KORZENIEWSKI, ESQ., Law Guardian, Appellant. In the Matter of MICHAEL O. et al., Respondents, v CHELSEA E., Respondent. LAWRENCE F. KORZENIEWSKI, ESQ., Law Guardian, Appellant. In the Matter of MICHAEL O. et al., Respondents, v IAN M., Respondent. LAWRENCE F. KORZENIEWSKI, ESQ., Law Guardian, Appellant. [839 NYS2d 871]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered August 3, 2006 in a proceeding pursuant to Family Court Act article 6. The order granted the petitions for custody of petitioner Matthew E. and dismissed the petitions for custody of petitioners Michael O. and Yvonne O. with prejudice.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by dismissing the petitions of petitioner Matthew E. and by providing that the petitions of petitioners Michael O. and Yvonne O. are dismissed without prejudice and as modified the order is affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, the Law Guardian appeals from an order granting the petitions of Matthew E. seeking custody of his grandchild and dismissing the custody petitions of the child's foster parents. We agree with the Law Guardian that Family Court erred in granting the grandfather's petitions for custody of the child and erred in dismissing the foster parents' petitions for custody with prejudice, and we therefore modify the order accordingly.

With respect to the grandfather's petitions, we conclude that the court erred in failing to make an initial determination with respect to the existence of extraordinary circumstances before reaching the issue of the best interests of the child (see Matter of Gary G. v Roslyn P., 248 AD2d 980, 981 [1998]; Matter of Michael G.B. v Angela L.B., 219 AD2d 289, 291 [1996]). We further conclude that, although custody determinations generally are accorded great deference (see Matter of Carl G. v Oneida County Dept. of Social Servs., 24 AD3d 1274, 1275 [2005]), the court in this case abused its discretion in determining that it is in the child's best interests to award custody to the grandfather (see generally Matter of Donald W., 17 AD3d 728, 729-730 [2005], lv denied 5 NY3d 705 [2005]; Matter of Tiffany Malika B., 215 AD2d 200, 201 [1995], lv denied 86 NY2d 707 [1995]). A nonparent relative of the child does not have "a greater right to custody" than the child's foster parents (Matter of Gordon B.B., 30 AD3d 1005, 1006 [2006]; see also Matter of Peter L., 59 NY2d 513, 520 [1983]; Matter of Violetta K. v Mary K., 306 AD2d 480, 481 [2003]).

Here, the child was placed in foster care when she was approximately three months old, after she had suffered fractures to her legs, wrists, ribs, and skull, and a lacerated liver while she was being cared for by her parents. The child entered foster care because the grandfather refused to take custody of the

child, and he had little contact with her thereafter with the exception of one hour per week of supervised visitation. The grandfather did not petition for custody until five to six months later, when it became evident that his daughter, the child's mother, would not regain custody of the child. Although the court referred to the best interests standard in its determination, the record reflects that the court in fact applied a lesser standard that impermissibly favored the grandfather based simply upon his biological connection to the child and his suitability as a custodian, rather than upon the requisite determination that the placement was in the child's best interests (*see generally Gordon B.B.*, 30 AD3d at 1006). Present—Gorski, J.P., Martoche, Centra, Fahey and Peradotto, JJ.