■ In the Matter of COLLEEN F. et al., Respondents, v FRANK K. et al., Respondents. COURTNEY K., Appellant. [854 NYS2d 257]—

Memorandum: Courtney K. appeals from an order granting the petition of her biological aunt and uncle seeking custody of her. Courtney was born in July 1994 and was adopted by respondents in December 2004. Contrary to Courtney's contention, Family Court properly determined that petitioners established the existence of extraordinary circumstances (*see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *Matter of Patricia E.K. v Edward Thomas K.*, 45 AD3d 1335 [2007], *lv dismissed* 10 NY3d 731 [2008]). The evidence presented at the hearing established that respondent Debra K. had consented to a finding of abuse with respect to a foster child who lived in respondents' home and that, as a result of that finding, she had consented to a finding of derivative neglect with respect to Courtney in a proceeding commenced against her pursuant to Family Court Act article 10. Furthermore, at the time of this proceeding, criminal charges that included rape in the second degree (Penal Law § 130.30 [1]) were pending against Debra K. with respect to the foster child.

We further conclude that the court properly determined that it is in Courtney's best interests to award custody to petitioners. The court determined following the hearing that petitioners maintained regular contact and had an ongoing relationship with Courtney until January 2003, when Courtney moved to Virginia for a pre-adoption placement and petitioners were denied access to her. Upon learning in February 2004 that Courtney had returned to New York State, petitioners and their attorney met with officials from the Department of Social Services to discuss adopting Courtney. They were advised at that

time that adoption proceedings were pending, and Courtney was thereafter adopted by respondents. Petitioners further established, in part through the testimony of their three adult children, that they have a stable home environment and are able to provide for Courtney's emotional and intellectual development (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]). The court determined based on the evidence presented at the hearing that respondent Frank K. had serious health problems and that Debra K. was the primary caretaker of the home and children, and this Court has been advised that, during the pendency of this appeal, Debra K. was convicted of rape in the second degree and sentenced to a term of imprisonment.

Contrary to the further contention of Courtney, the court did not improperly separate her from her brothers (see Matter of Stacey L.B. v Kimberly R.L., 12 AD3d 1124, 1125 [2004], lv denied 4 NY3d 704 [2005]). Although it is often in the best interests of a child to remain with his or her siblings, that factor "is not an absolute" (Eschbach, 56 NY2d at 173). We note that Courtney has maintained a relationship with her biological sister, who was adopted and lives in Virginia, and that petitioner Colleen F. testified that she was not opposed to visitation between Courtney and her brothers. Finally, we conclude that, although Courtney's expressed desire to remain in the custody of respondents is an important factor for the court's consideration, it too is not determinative (see id.), and the record herein does not support a finding that the preference of Courtney to remain in the custody of respondents would be in her best interests (see Fox v Fox, 177 AD2d 209, 213 [1992]). Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.