# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1155**
**CAF 11-00883**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF SHARON THURSTON,
PETITIONER-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

KEITH C. SKELLINGTON, JR., RESPONDENT,
AND OSWEGO COUNTY DEPARTMENT OF SOCIAL
SERVICES, RESPONDENT-APPELLANT.

---

CARACCIOLI & NELSON, PLLC, MEXICO (ALLISON J. NELSON OF COUNSEL), FOR
RESPONDENT-APPELLANT.

-------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Oswego County (Kimberly
M. Seager, J.), entered August 4, 2010 in a proceeding pursuant to
Family Court Act article 6.  The order, insofar as appealed from,
awarded petitioner sole legal and physical custody of the subject
child.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the petition is denied,
and the matter is remitted to Family Court, Oswego County, for further
proceedings in accordance with the following Memorandum:  Respondent
Oswego County Department of Social Services (DSS) appeals from an
order that, inter alia, granted the maternal grandmother's petition
seeking sole legal and physical custody of the minor child.  We note
at the outset that the only issue raised by DSS concerns the propriety
of the order with respect to custody, and thus we deem abandoned any
other issues concerning the order that may have been raised by DSS
(*see Ciesinski v Town of Aurora*, 202 AD2d 984).

We agree with DSS that Family Court's determination with respect
to custody lacks a sound and substantial basis in the record (*see
Matter of Bryan K.B. v Destiny S.B.*, 43 AD3d 1448, 1449).  While there
is no question that the grandmother loves the child and wishes to care
for him, those facts alone are insufficient to warrant a determination
that the child's best interests will be served by an award of custody
to the grandmother, particularly in light of the substantial and
largely unrefuted evidence of DSS and the Attorney for the Child that
the grandmother, while perhaps able to meet minimal standards of
fitness, lacks the capacity to provide for the child's emotional and
intellectual development (*see Matter of Matthew E. v Erie County Dept.
of Social Servs.*, 41 AD3d 1240, 1242; *see generally Matter of Louise
E.S. v W. Stephen S.*, 64 NY2d 946; *Eschbach v Eschbach*, 56 NY2d 167,
172-173).  The record reflects that the grandmother has a lengthy

history of indicated child protective services reports spanning from 1979 until 2008, which involve allegations of, inter alia, medical neglect, failure to maintain a clean home, inadequate provision of food, and failure to ensure that her children attend school. Indeed, all four of the grandmother's children were removed from her care for significant periods of time during their childhoods. Further, the record establishes that the grandmother is unemployed and is entirely reliant upon governmental financial assistance, suffers from various health problems, is unable to drive, and has a limited education. Those circumstances are particularly problematic given the substantial evidence that the child has been diagnosed with multiple behavioral and learning disabilities including, inter alia, attention deficit hyperactivity disorder, disruptive disorder, and reactive attachment disorder. At the custody hearing, the child's foster mother testified that he requires "constant one-on-one attention," and his first-grade teacher likewise testified that the child needed structure and consistency and required more attention than the average child. Two DSS caseworkers, a clinical psychologist who evaluated the grandmother and the child, and a psychiatric social worker all expressed concern that the grandmother would be unable to handle the child's special needs, particularly as he became older. Importantly, the child's foster mother, his principal, his social worker, and the DSS witnesses all testified that the child's behavior deteriorated upon increased visitation with the grandmother.

We thus conclude that, "while continued placement in foster care is not ideal, it is not in the best interests of the[] child[] to have custody awarded to [the grandmother]" (*Matter of Susan FF. v MaryAnn FF.*, 11 AD3d 757, 758). We therefore reverse the order insofar as appealed from and deny the grandmother's petition. In view of the fact that the order on appeal also concerns visitation with the father and other issues that were not addressed on appeal, we therefore deem it appropriate in view of our determination to afford Family Court the opportunity to address any such issues that are affected by our determination. We therefore remit the matter to Family Court for that purpose.

Entered:  November 18, 2011                     Patricia L. Morgan
                                                Clerk of the Court