# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**391**
**CAF 11-00914**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

IN THE MATTER OF ANGELLYNN S.H.W.
------------------------------------------------
CHARLES V., SR., AND DEBRA A.V., PETITIONERS;

VIVIAN N.V., RESPONDENT-APPELLANT,
AND ALLEGANY COUNTY DEPARTMENT OF SOCIAL
SERVICES, RESPONDENT-RESPONDENT.
------------------------------------------------
IN THE MATTER OF CHARLES V., SR., AND
DEBRA A.V., PETITIONERS,

                  V

VIVIAN N.V., RESPONDENT-APPELLANT,
AND ALLEGANY COUNTY DEPARTMENT OF SOCIAL
SERVICES, RESPONDENT-RESPONDENT.

MEMORANDUM AND ORDER

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR RESPONDENT-APPELLANT.

THOMAS A. MINER, COUNTY ATTORNEY, BELMONT (CARISSA M. KNAPP OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

DAVID C. BRAUTIGAM, ATTORNEY FOR THE CHILD, HOUGHTON, FOR ANGELLYNN
S.H.W.

---

Appeal from an order of the Family Court, Allegany County (Thomas P. Brown, J.), entered April 7, 2011 in a proceeding pursuant to Family Court Act articles 6 and 10. The order, inter alia, continued placement of the child with the Allegany County Department of Social Services.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: The Allegany County Department of Social Services (DSS) commenced a neglect proceeding against the parents of the subject child. During the pendency of the proceeding, the father agreed to the termination of his parental rights and, pursuant to Family Court Act § 1021, the mother agreed to the temporary removal of the child from the home where the child had been living with the mother and the mother's parents (hereafter, grandparents). The mother later stipulated to an order awarding DSS custody of the child, and DSS placed the child with a foster family. The grandparents then

commenced a proceeding seeking custody of the child and to modify the order of disposition in the neglect proceeding by terminating the placement of the child pursuant to Family Court Act § 1062.  The petition was supported by the mother, who was named as a respondent in that proceeding.  The mother appeals from an order in which Family Court denied the grandparents' petition, maintained custody of the child with DSS pursuant to the order in the neglect proceeding and continued the child's placement in foster care.

Initially, we note that, inasmuch as the mother stipulated to the prior order awarding DSS custody of the child, she would not be aggrieved by an order maintaining custody of the child with DSS pursuant to the prior order (see CPLR 5511; Matter of Cherilyn P., 192 AD2d 1084, lv denied 82 NY2d 652).  Here, however, the mother supported the grandparents' petition seeking to modify that prior order.  We therefore deem the mother's support of the petition to be a motion to set aside her stipulation (see generally Hopkins v Hopkins, 97 AD2d 457, 458), and we conclude that she therefore may appeal from the order maintaining custody of the child with DSS because she is aggrieved by the court's implicit denial of her motion.

We further conclude that the court properly determined that it is in the best interests of the child to deny the grandparents' petition.  The mother contends that the court erred in awarding custody to the foster parents and that the grandparents should be awarded custody of the child based on their familial relationship with her.  We reject that contention.  "[N]onparent relative[s] of the child [do] not have 'a greater right to custody' than the child's foster parents" (Matter of Matthew E. v Erie County Dept. of Social Servs., 41 AD3d 1240, 1241; see Matter of Gordon B.B., 30 AD3d 1005, 1006; see generally Matter of Thurston v Skellington, 89 AD3d 1520, 1520-1521).  In any event, the court did not award custody of the child to the foster parents but, rather, it continued custody with DSS, which placed the child with the foster parents.

We reject the mother's further contention that the court applied an incorrect standard in continuing custody of the child with DSS.  In making a custody determination, "the court must consider all factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of [the parties] to provide for the child's emotional and intellectual development and the wishes of the child . . . No one factor is determinative because the court must review the totality of the circumstances" (Matter of Marino v Marino, 90 AD3d 1694, 1695; see Eschbach v Eschbach, 56 NY2d 167, 172-174).

Here, the court properly concluded, based upon its analysis of the relevant factors, that continued placement of the child outside of the mother's home is in her best interests.  Further, the court properly concluded that it was not in the child's best interests to award custody to the grandparents.  The evidence in the record before us establishes, inter alia, that the grandparents are already overwhelmed by the demands of raising four of their other

grandchildren and that several of those other grandchildren were troubled and difficult to control.  In addition, there was a pending child protective services investigation of the grandparents, and the grandmother was dealing with mental challenges of her own.  "We thus conclude that, '[although] continued placement in foster care is not ideal, it is not in the best interests of the[ ] child[ ] to have custody awarded to [the grandparents]' " (*Thurston*, 89 AD3d at 1521).