# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**232**
**CAF 11-00084**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

IN THE MATTER OF DREVONNE G., DESTINY G.,
AND DANTE G.

------------------------------------------     MEMORANDUM AND ORDER

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

DARRELL G., SR., RESPONDENT-APPELLANT.

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

BERNADETTE M. HOPPE, ATTORNEY FOR THE CHILD, BUFFALO, FOR DESTINY G.

KATHLEEN M. CONTRINO, ATTORNEY FOR THE CHILD, NORTH TONAWANDA, FOR
DANTE G.

EUGENE P. ADAMS, ATTORNEY FOR THE CHILD, BUFFALO, FOR DREVONNE G.

-------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered November 30, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that respondent abandoned the subject children and transferred respondent's guardianship and custody rights to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights with respect to his three children on the ground of abandonment. The father contends that his parental rights may not be terminated because the children's mother retained her parental rights and the children were not freed for adoption. We reject that contention (*see Matter of Cayden L.R.*, 83 AD3d 1550; *Matter of Peter GG.*, 33 AD3d 1104, 1105; *see also Matter of Charles FF.*, 44 AD3d 1137, 1139, *lv denied* 9 NY3d 817). Although "Social Services Law § 384-b clearly encourages placing children in permanent homes, its language does not prohibit termination of parental rights when the children are not freed for adoption" (*Peter GG.*, 33 AD3d at 1105). We conclude that Family Court properly terminated the father's parental rights inasmuch as petitioner established by clear and convincing evidence that the father "evince[d] an intent to forego his . . . parental rights and obligations" (§ 384-b [5] [a]; *see Matter of Annette B.*, 4 NY3d 509, 513, *rearg denied* 5 NY3d 783; *Matter of Julius P.*, 63 NY2d

477, 481). Contrary to his contention, the father failed to demonstrate that "there were circumstances rendering contact with the child[ren] or [petitioner] infeasible, or that he was discouraged from doing so by [petitioner]" (*Matter of Regina A.*, 43 AD3d 725, 725; *see also Matter of Alexander B.*, 277 AD2d 937; *Matter of Markus R.*, 273 AD2d 919).