# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**542**
**CAF 14-00271**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF LUNDYN S.
-----------------------------------------
CAYUGA COUNTY DEPARTMENT OF HEALTH AND        MEMORANDUM AND ORDER
HUMAN SERVICES, PETITIONER-RESPONDENT;

AL-RAHIM S., RESPONDENT-APPELLANT.

---

KARPINSKI, STAPLETON & TEHAN, P.C., AUBURN (ADAM H. VAN BUSKIRK OF
COUNSEL), FOR RESPONDENT-APPELLANT.

FREDERICK R. WESTPHAL, COUNTY ATTORNEY, AUBURN (DANIEL A. TESTA, III,
OF COUNSEL), FOR PETITIONER-RESPONDENT.

MICHELE R. DRISCOLL, ATTORNEY FOR THE CHILD, AUBURN.

---

Appeal from an order of the Family Court, Cayuga County (Mark H. Fandrich, A.J.), entered February 7, 2014 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights and placed the subject child in the custody of petitioner. Contrary to the father's contention, petitioner established by clear and convincing evidence that he "abandoned [the subject] child for the period of six months immediately prior to the date on which the petition [was] filed" (§ 384-b [4] [b]; *see Matter of Annette B.*, 4 NY3d 509, 514, *rearg denied* 5 NY3d 783), and it is well settled that "[t]his lack of contact evinces his intent to forego his parental rights" (*Matter of Gabrielle HH.*, 1 NY3d 549, 550; *see* § 384-b [5] [a]). Even assuming, arguendo, that the father is correct that he visited the child once within a few days after the six-month period commenced, we conclude that such "insubstantial contact[ was] insufficient to defeat the claim of abandonment" (*Matter of Jamal B. [Johnny B.]*, 95 AD3d 1614, 1615-1616, *lv denied* 19 NY3d 812; *see Matter of Carter A. [Jason A.]*, 111 AD3d 1181, 1182-1183, *lv denied* 22 NY3d 862).

We reject the father's further contention that petitioner discouraged contact between the father and the subject child. Initially, we note that the father correctly concedes that, in this

abandonment proceeding, petitioner "was not 'obligated to contact [the father] and initiate efforts to encourage his parental relationship with [his child]' " (*Matter of Alexander B.*, 277 AD2d 937, 937; *see* Social Services Law § 384-b [5] [b]; *Gabrielle HH.*, 1 NY3d at 550). Furthermore, the father failed to establish "that he was unable to maintain contact with his [child], or that he was prevented or discouraged from doing so by petitioner" (*Matter of Christina S.*, 251 AD2d 982, 982; *see Matter of Jackie B. [Dennis B.]*, 75 AD3d 692, 693; *Matter of Regina A.*, 43 AD3d 725, 725). The father's contention that he attempted to communicate with certain of petitioner's representatives who were not called as witnesses at the hearing raised only a credibility issue that Family Court was entitled to resolve against him (*see Matter of Noah G. [Anthony G.]*, 118 AD3d 1355, 1355; *Matter of Rakim D.D.S.*, 50 AD3d 1521, 1522, *lv denied* 10 NY3d 717).

We also reject the father's contention that the court erred in denying his request to award custody of the subject child to the child's paternal grandmother, instead awarding custody to petitioner so that the child may be adopted by her foster parents. It is well settled that, in the context of a dispositional hearing after the termination of parental rights, "[a] nonparent relative of the child does not have 'a greater right to custody' than the child's foster parents" (*Matter of Matthew E. v Erie County Dept. of Social Servs.*, 41 AD3d 1240, 1241). Furthermore, contrary to the father's contention, the child's "blood relative does not take precedence over a prospective adoptive parent selected by [petitioner], and the fact that [the child's grandmother] would be a good caretaker is not a sufficient reason to remove the child from the only home she has ever known and from a family with whom she had bonded" (*Matter of Tiffany Malika B.*, 215 AD2d 200, 201, *lv denied* 86 NY2d 707). Thus, we agree with petitioner and the Attorney for the Child that it is in the child's best interests to award custody to petitioner (*see Matter of Donald W.*, 17 AD3d 728, 729-730, *lv denied* 5 NY3d 705; *see generally Matthew E.*, 41 AD3d at 1241-1242).

We have considered the father's remaining contentions and conclude that they are without merit.

Entered:  May 1, 2015                    Frances E. Cafarell
                                         Clerk of the Court