# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

803
CAF 14-00329
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF LUNDYN S.
-------------------------------------------------
CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, PETITIONER;

AL-RAHIM S., RESPONDENT.

MEMORANDUM AND ORDER

-------------------------------------------------
IN THE MATTER OF VELVIA S., PETITIONER-APPELLANT,

V

CARRIE L., CAYUGA COUNTY DEPARTMENT OF HEALTH AND
HUMAN SERVICES, AND AL-RAHIM S.,
RESPONDENTS-RESPONDENTS.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR PETITIONER-APPELLANT.

HARRIS BEACH PLLC, BUFFALO (ALLISON A. FIUT OF COUNSEL), FOR
RESPONDENT-RESPONDENT CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES.

MICHELE R. DRISCOLL, ATTORNEY FOR THE CHILD, AUBURN.

---

Appeal from an order of the Family Court, Cayuga County (Mark H. Fandrich, A.J.), entered February 7, 2014 in proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6. The order, among other things, denied the petition of Velvia S. seeking custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner Cayuga County Department of Health and Human Services (DHS) commenced a proceeding seeking to terminate the parental rights of respondent father Al-Rahim S. with respect to the subject child, and the father's mother, petitioner Velvia S. (petitioner), also sought custody of the child. Petitioner now appeals from an order that denied her petition and continued custody of the child with DHS.

Petitioner contends that reversal is required because DHS did not comply with the statutory requirement to contact her and advise her of the pendency of this proceeding fand her right to seek to become a

foster parent or obtain custody of the child (*see* Family Ct Act § 1017 [1]). We reject that contention. Even assuming, arguendo, that DHS failed to fulfill its statutory duty to locate the subject child's relatives and inform them of the pendency of the proceeding and of the opportunity for becoming foster parents or for seeking custody of the child, "[u]nder the provisions of article 10 . . . , there is . . . an explicit 'best interests' standard of review" for review of petitions seeking placement of a child with a relative (*Matter of Deborah E.C. v Shawn K.*, 63 AD3d 1724, 1725, *lv denied* 13 NY3d 710; *see* § 1055-b [a] [ii]). On the father's prior appeal from the same order, we rejected his contention that the best interests of the child would be served by awarding custody of her to petitioner, rather than "awarding custody to [DHS] so that the child may be adopted by her foster parents" (*Matter of Lundyn S. [Al-Rahim S.]*, 128 AD3d 1406, 1407-1408). For reasons stated by this Court in the father's prior appeal, we reject petitioner's contention that the best interests of the child would be served by awarding custody to petitioner (*see id.*). In addition, we note that a "nonparent relative of the child does not have 'a greater right to custody' than the child's foster parents" (*Matter of Matthew E. v Erie County Dept. of Social Servs.*, 41 AD3d 1240, 1241; *see Matter of Gordon B.B.*, 30 AD3d 1005, 1006; *see generally Matter of Thurston v Skellington*, 89 AD3d 1520, 1520).

Finally, petitioner contends that she was deprived of effective assistance of counsel because her attorney failed to move to vacate the prior placement order pursuant to Family Court Act § 1061 at the same time that her attorney filed the instant petition seeking custody of the child. Even assuming, arguendo, that petitioner is entitled to assigned counsel or may otherwise raise the issue of effective assistance of counsel (*cf.* § 262; *see generally Matter of Brittni K.*, 297 AD2d 236, 240-241), we reject that contention. "There is no denial of effective assistance of counsel . . . arising from a failure to make a motion or argument that has little or no chance of success" (*Matter of Kelsey R.K. [John J.K.]*, 113 AD3d 1139, 1140, *lv denied* 22 NY3d 866). On a motion pursuant to section 1061, a court may modify or vacate an order of custody upon a showing of good cause (*see generally Matter of Arkadian S. [Crystal S.]*, 130 AD3d 1457, 1457-1458, *lv dismissed* 26 NY3d 995), and "the modified order 'must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record' " (*Matter of Kenneth QQ. [Jodi QQ.]*, 77 AD3d 1223, 1224). Here, because the court properly determined after a hearing that the best interests of the child were served by awarding custody to DHS so that the child may be adopted by her foster parents (*see Lundyn S.*, 128 AD3d at 1407-1408), there is little or no chance that a motion pursuant to section 1061 would have been successful.

Entered: November 10, 2016                    Frances E. Cafarell
                                              Clerk of the Court