Matter of Amber W. v Erie County Children's Servs. (2020 NY Slip Op 04068)





Matter of Amber W. v Erie County Children's Servs.


2020 NY Slip Op 04068


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


644 CAF 19-02051

[*1]IN THE MATTER OF AMBER W., PETITIONER-APPELLANT,
v
ERIE COUNTY CHILDREN'S SERVICES, RESPONDENT-RESPONDENT. 






MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR RESPONDENT-RESPONDENT.


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered April 30, 2019 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition with prejudice. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In a prior proceeding pursuant to Social Services Law § 384-b, Family Court terminated the parental rights of the mother with respect to the subject child on the ground of abandonment and placed the child in the custody and guardianship of Erie County Department of Social Services (DSS) (Matter of Armani W. [Adifah W.], 167 AD3d 1569 [4th Dept 2018]). Thereafter, petitioner, who is the child's maternal aunt, commenced this proceeding pursuant to Family Court Act article 6 seeking custody of the child. Petitioner appeals from an order dismissing the petition with prejudice. We affirm.
Where, as here, a court has terminated parental rights and committed a child's custody and guardianship to an authorized agency thereby freeing the child for adoption, "adoption bec[o]me[s] the sole and exclusive means to gain care and custody of the child" and, thus, the court at that point "is without authority to entertain custody . . . proceedings commenced by a member of the child's [extended] family" (Matter of Genoria SS. v Christina TT., 233 AD2d 827, 828 [3d Dept 1996], lv denied 89 NY2d 811 [1997]; see Social Services Law
§ 384-b [10], [11]; Matter of Boyd v Westchester County Dept. of Social Servs., 149 AD3d 1069, 1070 [2d Dept 2017]; Matter of Mu'Min v Mitchell, 19 AD3d 1116, 1117 [4th Dept 2005]; see also Matter of Peter L., 59 NY2d 513, 518-519 [1983]). Under these circumstances, petitioner's "recourse was to seek adoption, and not mere custody, of the . . . child" (Boyd, 149 AD3d at 1070; see Matter of Herbert PP. v Chenango County Dept. of Social Servs., 299 AD2d 780, 781 [3d Dept 2002]). Thus, "in view of the termination of the [mother's] parental rights and the commitment of the child's custody and guardianship to [DSS]," we conclude that, contrary to petitioner's contention, the court properly dismissed the petition without conducting a hearing (Mu'Min, 19 AD3d at 1117; see Boyd, 149 AD3d at 1070).
In light of our determination, petitioner's remaining contention is academic.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court