Matter of Sandy L.S. v Onondaga County Dept. of Children & Family Servs. (2020 NY Slip Op 06910)





Matter of Sandy L.S. v Onondaga County Dept. of Children & Family Servs.


2020 NY Slip Op 06910


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


999 CAF 19-00912

[*1]IN THE MATTER OF SANDY L.S., PETITIONER-APPELLANT,
v
ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES AND CHRISTINA J.W., RESPONDENTS-RESPONDENTS.  BETHANIE H. AND TYLER S., INTERVENORS-RESPONDENTS. (APPEAL NO. 2.) 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PETITIONER-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (ERIN WELCH FAIR OF COUNSEL), FOR RESPONDENT-RESPONDENT ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES.
AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), ATTORNEY FOR THE CHILD.
LISA DIPOALA HABER, SYRACUSE, FOR INTERVENORS-RESPONDENTS. 


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered February 21, 2019 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, appellant—the subject child's great aunt (aunt)—appeals from an order in a proceeding pursuant to Social Services Law § 384-b that, inter alia, terminated respondent mother's parental rights, ordered that petitioner-respondent Onondaga County Department of Children and Family Services (DCFS) is authorized to consent to the child's adoption and ordered that the preadoptive foster parents, intervenors Bethanie H. and Tyler S. (foster parents), could petition to adopt the child. In appeal No. 2, the aunt appeals from an order in a proceeding pursuant to Family Court Act articles 6 and 10 that dismissed her petition seeking custody of the child. We affirm.
Initially, we dismiss the aunt's appeal from the order in appeal No. 1 because she is not aggrieved by that order, insofar as it merely terminated the mother's parental rights and freed the child for adoption (see Matter of Christian C.-B. [Christopher V.B.], 148 AD3d 1775, 1775-1776 [4th Dept 2017], lv denied 29 NY3d 917 [2017]; see generally CPLR 5511). Regardless, we may reach all of the aunt's contentions in our review of the order appealed from in appeal No. 2.
In appeal No. 2, the aunt contends that DCFS did not comply with the statutory requirement to contact her and inform her of her right to seek to become a foster parent or otherwise obtain custody of the child (see Family Ct Act § 1017 [1]), and that she should therefore not be "penalized" for failing to seek such relief within 12 months of foster care placement (see Family Ct Act § 1028-a; Social Services Law § 383 [3]). We reject that contention. At all relevant times, the aunt knew that the child had been placed in foster care, and yet did not express any interest in seeking foster care placement or custody of the child until two [*2]years after the child was born. Indeed, the record establishes that, shortly after the child was born, the aunt had declined to be considered a resource for the child because she was already overwhelmed with caring for the child's siblings. Thus, even assuming, arguendo, that DCFS violated its statutory duty to inform the aunt of her right to seek to become a foster parent or obtain custody of the child, we conclude that reversal is not required because the aunt was not prejudiced by such error (see Matter of Giohna R. [John R.], 179 AD3d 1508, 1510 [4th Dept 2020], lv dismissed in part and denied in part 35 NY3d 1003 [2020]).
Furthermore, contrary to the aunt's contention, the evidence adduced at the dispositional hearing established that it was in the child's best interests to be freed for adoption rather than to be placed in the custody of the aunt (see Matter of Aaliyah H. [Mary H.], 134 AD3d 1574, 1574-1575 [4th Dept 2015], lv denied 27 NY3d 906 [2016]; Matter of Cheyanne V., 55 AD3d 1383, 1383-1384 [4th Dept 2008]). Custody petitions filed by extended family of a child should be considered during the dispositional stage of a termination of parental rights proceeding (see Matter of Carl G. v Oneida County Dept. of Social Servs., 24 AD3d 1274, 1275 [4th Dept 2005]). When making a determination on an extended family member's custody petition, there is no presumption favoring the child's natural extended family (see Matter of Peter L., 59 NY2d 513, 516 [1983]; Matter of Zarlia Loretta J., 23 AD3d 317, 317 [1st Dept 2005]; see generally Matter of Amber W. v Erie County Children's Servs., 185 AD3d 1445, 1445-1446 [4th Dept 2020]). Indeed, a "nonparent relative of the child does not have 'a greater right to custody' than the child's foster parents" (Matter of Matthew E. v Erie County Dept. of Social Servs., 41 AD3d 1240, 1241 [4th Dept 2007]; see Matter of Gordon B.B., 30 AD3d 1005, 1006 [4th Dept 2006]; see generally Matter of Thurston v Skellington, 89 AD3d 1520, 1520 [4th Dept 2011]).
Family Court's determination that it is in the best interests of the child to free her for adoption by the foster parents is entitled to great deference (see Matter of Elijah D. [Allison D.], 74 AD3d 1846, 1847 [4th Dept 2010]), and we see no reason to disturb the court's determinations. Although the record establishes that the aunt is loving and could provide the child with a suitable home, we nevertheless conclude that the best interests of the child supported freeing her for adoption, rather than awarding custody to the aunt (see generally Matter of Lundyn S. [Al-Rahim S.], 144 AD3d 1511, 1512 [4th Dept 2016], lv denied 29 NY3d 901 [2017]). We note that the child has been in the care of the foster parents since she was five weeks old, has developed relationships with the foster parents' extended family, and has known no other home (see Matter of Burke H. [Richard H.], 134 AD3d 1499, 1502 [4th Dept 2015]; Matter of Sophia M.G.K. [Tracy G.K.], 132 AD3d 1377, 1378 [4th Dept 2015], lv denied 26 NY3d 914 [2015]). Indeed, the child has bonded with the foster parents, who ensured that she was happy, healthy, and well provided for (see Burke H., 134 AD3d at 1502; Matter of Chastity Imani Mc., 66 AD3d 782, 782 [2d Dept 2009]). We also note that foster parents of a child who has been placed in their home for 12 months or longer are to be given "preference and first consideration" for adoption in the event that the child becomes eligible for adoption (Social Services Law § 383 [3]).
Furthermore, while the aunt presently has custody of the child's siblings and there is a preference for keeping siblings together, that rule is not absolute and may be overcome where it is not in the best interests of the child (see Matter of Curry v Reese, 145 AD3d 1475, 1476 [4th Dept 2016]; Matter of Luke v Luke, 90 AD3d 1179, 1182 [3d Dept 2011]; Matter of Colleen F. v Frank K., 49 AD3d 1228, 1230 [4th Dept 2008]). Here, we conclude that it is not in the subject child's best interests to reside with the aunt merely because she had custody of the subject child's siblings, especially in light of the fact that the subject child has never resided with her siblings (see Matter of Ender M.Z.-P. [Olga Z.], 109 AD3d 834, 836 [2d Dept 2013], lv denied 22 NY3d 863 [2014]). Moreover, the relationship that the child currently has with her siblings was initiated and encouraged by the foster parents (see Matter of Joseph P. [Edwin P.], 143 AD3d 529, 530 [1st Dept 2016], lv denied 28 NY3d 1110 [2016]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court