Matter of Burnett v Smith (2022 NY Slip Op 00609)





Matter of Burnett v Smith


2022 NY Slip Op 00609


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, AND CURRAN, JJ.


1153 CAF 20-01177

[*1]IN THE MATTER OF ANTHONY BURNETT, SR., PETITIONER-RESPONDENT,
v
GABRIELLE SMITH, RESPONDENT-APPELLANT. 






PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.
CHARU NARANG, BROCKPORT, FOR PETITIONER-RESPONDENT.
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered August 27, 2020 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner sole custody and primary physical residence of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, awarded petitioner father sole custody and primary physical residence of the two subject children, with visitation to the mother. We affirm.
Generally, "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Krug v Krug, 55 AD3d 1373, 1374 [4th Dept 2008] [internal quotation marks omitted]; see Matter of Crill v Crill, 181 AD3d 1199, 1200 [4th Dept 2020]). Here, we reject the mother's contention that Family Court's determination is not supported by a sound and substantial basis in the record. To the contrary, after reviewing the appropriate factors (see generally Fox v Fox, 177 AD2d 209, 210-211 [4th Dept 1992]), we conclude that the totality of the circumstances supports the court's determination that it is in the best interests of the subject children to award sole custody and primary physical residence to the father (see Eschbach v Eschbach, 56 NY2d 167, 174 [1982]; Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]). With respect to the mother's specific contention that the court erred by separating the subject children from the mother's other children, it is well settled that "the presence of half siblings of the child[ren] in [the mother's] home is not dispositive, although it is a factor to be considered in making custody determinations" (Matter of Slade v Hosack, 77 AD3d 1409, 1409 [4th Dept 2010]; see generally Eschbach, 56 NY2d at 173). Here, the record reflects that the subject children were previously separated from their half siblings when the mother assaulted two of those siblings, which led to all of the mother's children being initially placed in foster care, and the two subject children being placed with the father thereafter. Based on those factors and the other evidence in the record, we conclude that the court's determination that it is in the best interests of the subject children that they be separated from their half siblings is supported by a sound and substantial basis in the record (see Matter of Curry v Reese, 145 AD3d 1475, 1476 [4th Dept 2016]; Matter of Luke v Luke, 90 AD3d 1179, 1182 [3d Dept 2011]; see also Matter of Colleen F. v Frank K., 49 AD3d 1228, 1230 [4th Dept 2008]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court