Matter of Robert L. v Jefferson County Dept. of Social Servs. (2022 NY Slip Op 01913)





Matter of Robert L. v Jefferson County Dept. of Social Servs.


2022 NY Slip Op 01913


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


162 CAF 20-00678

[*1]IN THE MATTER OF ROBERT L. AND KRISTIN L., PETITIONERS-APPELLANTS,
v
JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENT-RESPONDENT, AND JUSTIN W., RESPONDENT. (APPEAL NO. 2.) 






LOCKHART LAW OFFICE, P.C., NORTH SYRACUSE (BETH A. LOCKHART OF COUNSEL), FOR PETITIONERS-APPELLANTS.
MICHAEL D. WERNER, WATERTOWN, FOR RESPONDENT-RESPONDENT.
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Jefferson County (Eugene J. Langone, Jr., J.), entered January 31, 2020 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, denied the petition insofar as it sought custody of the subject child and granted the petition insofar as it sought visitation with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners are the maternal grandparents of the subject child. In July 2017, the child was removed from respondent father's care after the father shot and killed the child's mother. The child was placed in the custody of respondent Jefferson County Department of Social Services (DSS) and in the care of foster parents. Shortly after the commencement of a severe abuse proceeding against the father pursuant to Family Court Act article 10, petitioners filed a petition seeking custody of or visitation with the child pursuant to article 6. In appeal No. 1, petitioners appeal from an order of Family Court that, inter alia, granted the petition insofar as it sought visitation and established a progressive visitation schedule. In appeal No. 2, petitioners appeal from an order of the same court and entered on the same date that, inter alia, again granted the petition insofar as it sought visitation and denied the petition insofar as it sought custody.
Initially, we dismiss appeal No. 1 inasmuch as the order in that appeal is duplicative of the order in appeal No. 2 (see generally Matter of Chendo O., 175 AD2d 635, 635 [4th Dept 1991]).
Contrary to petitioners' further contention, the court did not err in determining the issue of custody. Here, as in any other custody case, a " 'custody determination by the trial court must be accorded great deference and should not be disturbed where . . . it is supported by a sound and substantial basis in the record' " (Sorce v Sorce, 16 AD3d 1077, 1077 [4th Dept 2005]; see Matter of Carl G. v Oneida County Dept. of Social Servs., 24 AD3d 1274, 1275 [4th Dept 2005]). Additionally, it is well settled that a "nonparent relative of the child does not have 'a greater right to custody' than the child's foster parents" (Matter of Matthew E. v Erie County Dept. of Social Servs., 41 AD3d 1240, 1241 [4th Dept 2007]; see Matter of Gordon B.B., 30 AD3d 1005, 1006 [4th Dept 2006]). At the custody hearing, the DSS caseworker and the child's therapist testified regarding the child's home environment with the foster parents, indicated that the child was appropriately cared for by the foster parents, and further opined that removing the child from his foster parents could cause the child to regress in his development (see Matter of [*2]Gladys B. v Albany County Dept. of Social Servs., 274 AD2d 689, 690 [3d Dept 2000]; see also Carl G., 24 AD3d at 1275). We therefore conclude that the record supports the court's determination that it is in the best interests of the child to remain in the custody of DSS and the care of the foster parents rather than to be placed in the custody of petitioners (see Carl G., 24 AD3d at 1275).
Petitioners also contend that the court erred in failing to grant them more visitation with the child under the progressive visitation schedule set by the court. We reject that contention inasmuch as the schedule issued by the court has a sound and substantial basis in the record (see generally Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]; Matter of Talbot v Edick, 159 AD3d 1406, 1407 [4th Dept 2018]). Finally, we have reviewed petitioners' remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court