■ In the Matter of GLADYS B., Appellant, v ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. (And Another Related Proceeding.) [710 NYS2d 725] —Crew III, J. P. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered May 4, 1999, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of her niece.

In November 1998, respondent Albany County Department of Social Services (hereinafter respondent) commenced a proceeding pursuant to Social Services Law § 384-b seeking to terminate the parental rights of respondent Loretta B. (hereinafter the mother) upon the ground that she had abandoned her daughter (hereinafter the child), born in 1997. Thereafter, in

January 1999, petitioner, the mother's sister, commenced the instant proceeding seeking to obtain custody of the child. Family Court determined that such application would be considered in the context of the dispositional hearing conducted on the underlying abandonment petition. At the conclusion of such dispositional hearing, at which the child's foster parents, petitioner and a certified social worker appeared and testified, Family Court terminated the mother's parental rights, ordered that the child be placed in respondent's custody and freed for adoption, and dismissed petitioner's application for custody. This appeal by petitioner ensued.*

We affirm. Following a finding of abandonment, Family Court's determination as to custody is governed by what is in the child's best interest (*see, Matter of Crystal C.*, 219 AD2d 601, 602). Based upon our review of the record before us, we cannot say that Family Court erroneously concluded that it would not be in the child's best interest to award custody to petitioner.

Even accepting petitioner's proffered reasons for her delay in seeking custody, the fact remains that petitioner visited with the child on only five occasions during 1998 and, as a result, had not established any emotional bond with the child. On the other hand, both the child's foster parents, who expressed a desire to adopt the child, and the certified social worker engaged by respondent to evaluate the relationship between the child and the foster parents, testified as to the strong emotional bond that existed between the child and her foster parents, with whom the child has resided since shortly after her birth. The social worker, who also testified as to the child's home environment and indicated that the child was happy and secure, further opined that removing the child from her foster parents could cause the child to regress in her development. Although petitioner plainly is of the view that placement with a biological family member would be in the child's best interest, it must be remembered that petitioner's status as the child's aunt does not grant her a superior right to custody, nor does petitioner enjoy any precedence or preference in this regard (*see, Matter of Elizabeth YY. v Albany County Dept. of Social Servs.*, 229 AD2d 618, 620). That being the case, and in view of the testimony adduced in this matter, we perceive no basis upon which to disturb Family Court's determination as to custody.

---

* Although not entirely clear from the record, it appears that the child's father, respondent Tyrone C., voluntarily surrendered his parental rights in December 1999.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.