In the Matter of VIOLETTA K., Appellant, v MARY K. et al., Respondents. LITTLE FLOWER CHILDREN'S SERVICES, Non-

party Respondent. [761 NYS2d 514] —In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Kings County (Segal, J.), dated February 15, 2001, which, after a hearing, denied her petition for custody of her granddaughter and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The subject child was born in March 1997 and was placed with the Commissioner of Social Services and, in turn, with Little Flower Children's Services in April 1997 for foster care. In June 2000 proceedings were commenced against the mother and putative father to terminate their parental rights. In August 2000 the mother's parental rights were terminated. In December 2000 the appellant, the child's maternal grandmother, commenced the instant proceeding to obtain custody of the child. Thereafter, the Family Court held a fact-finding hearing on the permanent neglect petition pending against the putative father. Following the fact-finding hearing, the Family Court considered the appellant's petition in the context of a dispositional hearing conducted on the underlying permanent neglect petition. At the conclusion of the dispositional hearing, at which an adoption supervisor from the foster care agency and the appellant appeared and testified, the Family Court terminated the father's parental rights and ordered that the child remain in the custody of the foster care agency and be freed for adoption. The appellant appeals from the order dismissing her custody petition. We affirm.

The only concern at a dispositional hearing following a finding of permanent neglect is the best interests of the child (*see Matter of Star Leslie W.*, 63 NY2d 136, 147 [1984]; *Matter of Tenisha Tishonda T.*, 302 AD2d 534 [2003]; *Matter of Tiffany A.*, 242 AD2d 709, 712 [1997]). At this juncture, a nonparent relative takes no precedence for custody over the adoptive parents selected by an authorized agency (*see Matter of Peter L.*, 59 NY2d 513, 520 [1983]; *Matter of Gladys B. v Albany County Dept. of Social Servs.*, 274 AD2d 689 [2000]; *Matter of Netfa P.*, 115 AD2d 390 [1985]). The record supports the Family Court's conclusion that the child's best interests required continuing custody with the Commissioner of Social Services and Little Flower Children's Services, so that the child could be made available for adoption by her foster parents (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946 [1985]; *Matter of Gladys B. v Albany County Dept. of Social Servs., supra; Matter of Tiffany Malika B.*, 215 AD2d 200 [1995]; *Matter of D.*

*Children,* 177 AD2d 393 [1991]). Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.