■ In the Matter of ELLA J., Appellant, v IVA J. et al., Respondents. [771 NYS2d 719]—

In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Kings County (Staton, J.), dated February 20, 2002, which, after a hearing, denied her petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The subject child was born in March 1997 with a positive toxicology for cocaine. He was immediately removed from the custody of his biological mother and placed in the custody of the Administration for Children's Services (hereinafter the ACS) and, in turn, with the Lutheran Social Services of Metropolitan New York, Inc. Six months later the child was placed in the non-kinship foster home where he has remained ever since. The petitioner filed this custody petition in August 1999. Shortly after the custody petition was filed, the ACS commenced proceedings against the mother to terminate her parental rights. During the pendency of the custody proceeding, the Family Court made a finding of abandonment against the biological mother. The Family Court considered the petitioner's custody petition in the context of a dispositional hearing conducted on the ACS petition. At the conclusion of the dispositional hearing, the Family Court terminated the mother's parental rights, ordered that the child remain in the custody of the ACS so that he may be freed for adoption, and dismissed the petitioner's custody petition. We affirm.

A nonparent relative takes no precedence for custody over the adoptive parents selected by an authorized agency (*see Matter of Peter L.,* 59 NY2d 513, 520 [1983]; *Violetta K. v Mary K.,* 306 AD2d 480 [2003]). The record supports the Family Court's conclusion that the child's best interests required continuing custody with the ACS so that the child could be made available for adoption by his foster mother (*see Matter of Gladys B. v Albany County Dept. of Social Servs.,* 274 AD2d 689 [2000]). Ritter, J.P., Smith, H. Miller and Mastro, JJ., concur.