■ In the Matter of KAREN A.O., Respondent, v CHILD PROTECTIVE SERVICES et al., Respondents. RUSSELL E. FOX, ESQ., as Law Guardian, Appellant. [775 NYS2d 630]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered November 21, 2003. The order granted petitioner and her husband supervised visitation with their three grandchildren during the pendency of the proceedings.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the first ordering paragraph and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: During the pendency of a permanent neglect proceeding commenced by the Erie County Department of Social Services with respect to the three children of respondent parents, petitioner, the children's paternal grandmother, filed a petition seeking custody of the three children. Family Court denied the Law Guardian's motion seeking to dismiss the petition and granted petitioner and her husband supervised visitation with the children during the pendency of the proceedings. We granted the Law Guardian's motion seeking to stay enforcement of that part of the order granting temporary visitation. Contrary to the Law Guardian's contention, the court did not err in denying the motion to dismiss the custody petition. We note, however, that the custody petition should be "considered . . . in the context of a dispositional hearing conducted on the underlying permanent neglect peti-

tion" wherein the court will determine the best interests of the children (*Matter of Violetta K. v Mary K.*, 306 AD2d 480, 481 [2003]; *see* Family Ct Act § 632 [b]; *Matter of Ella J. v Iva J.*, 4 AD3d 527 [2004]; *see generally Matter of Star Leslie W.*, 63 NY2d 136, 147 [1984]; *Matter of Peter L.*, 59 NY2d 513, 520-521 [1983]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 547-548 [1976]). In addition, the Law Guardian contends that the court erred in granting temporary visitation to petitioner and her husband over the Law Guardian's objection without conducting a hearing. We agree (*see generally* Family Ct Act § 1082 [2]). We therefore modify the order accordingly, and we remit the matter to Family Court to conduct a hearing with respect to the issue of temporary visitation. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.