■ In the Matter of CARL G., Appellant, v ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [807 NYS2d 505]—

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered September 1, 2004 in a proceeding pursuant to Family Court Act article 6. The order, among other things, dismissed the petition for custody.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order of Family Court dismissing his petition seeking custody of his grandchildren, who had been freed for adoption by a prior order of the court. The custody petition was filed during the pendency of the proceedings to terminate the rights of the children's biological parents. We agree with petitioner that the court erred in failing to resolve the custody petition before freeing the children for adoption. In these circumstances, "the custody petition should [have been] 'considered . . . in the context of a dispositional hearing conducted on the underlying [termination] petition' wherein the court [should have] determine[d] the best interests of the children" (*Matter of Karen A.O. v Child Protective Servs.*, 6 AD3d 1100, 1100-1101 [2004], quoting *Matter of Violetta K. v Mary K.*, 306 AD2d 480, 481 [2003]). We nonetheless conclude that petitioner was not prejudiced by the manner and sequence in which the court handled the custody and termination proceedings because the dispositional orders in the termination proceedings were explicitly made without prejudice to the custody petition, and because the court ultimately resolved the custody petition on its merits and based upon a determination of the children's best interests.

We further conclude that the court did not err in determining the issue of custody. Here, as in any other custody case, a " 'custody determination by the trial court must be accorded great deference and should not be disturbed where . . . it is supported by a sound and substantial basis in the record' " (*Sorce v Sorce*, 16 AD3d 1077, 1077 [2005]; *see Matter of Longo v Wright*, 19 AD3d 1078, 1079 [2005]; *Matter of Garland v Goodwin*, 13 AD3d 1059, 1059-1060 [2004]). The record supports the court's determination that it is in the best interests of the children to remain in the custody of the Oneida County Department of Social Services (respondent) and the prospective adoptive parents rather than to be placed in the custody of petitioner (*see Violetta K.*, 306 AD2d at 481; *Matter of Gladys B. v Albany County Dept. of Social Servs.*, 274 AD2d 689, 690 [2000]; *Matter of Tiffany Malika B.*, 215 AD2d 200 [1995], *lv denied* 86 NY2d 707 [1995]).

Finally, we note that the challenge by respondent to the visitation provision of the order is not properly before us in the absence of a cross appeal by respondent. Present—Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.