▮▮ In the Matter of GABRIEL JAMES MC., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANNE MARIE MC., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JENNIFER MC. et al., Respondents, v ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, and ANN MARIE MC., Appellant. (Proceeding No. 2.) [877 NYS2d 126]—

In an abuse and neglect proceeding pursuant to Family Court Act article 10 and a related child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Danoff, J.), dated March 3, 2008, as denied her motion to dismiss the petition of the maternal grandparents in proceeding No. 2 for custody of the subject child and held in abeyance the maternal grandparents' motion in that proceeding for visitation with the subject child, pending the determination of the abuse and neglect proceeding.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from those parts of the order which denied the mother's motion to dismiss the petition of the maternal grandparents in proceeding No. 2 for custody of the subject child and held in abeyance the maternal

grandparents' motion in that proceeding for visitation is deemed an application for leave to appeal from those parts of the order, and leave to appeal is granted (*see* Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

When the subject child was removed from the mother's custody pursuant to Family Court Act § 1028 (*see Matter of Gabriel James M.,* 59 AD3d 448 [2009]), the maternal grandparents commenced the instant proceeding to obtain custody of the child. The mother moved to dismiss the proceeding on the ground that the maternal grandparents lacked standing. In the order appealed from, the Family Court denied the motion to dismiss, and held the determination of the maternal grandparents' custody petition in abeyance pending receipt of a status report required by the Interstate Compact for the Placement of Children (Social Services Law § 374-a).

Contrary to the mother's contention, her motion to dismiss the custody petition was properly denied. Family Court Act § 1017 (2) (a) (i) provides that, upon removal of a child pursuant to Family Court Act § 1028, the child may be placed with a nonrespondent parent, relative, or other suitable person, pending further investigation, and custody may be awarded to such a nonrespondent under Family Court Act article 6. The effect of recent amendments to Family Court Act § 1017 (2) (a) (i) (*see* L 2005, ch 3, § 10; L 2008, ch 519, § 1) was to overrule prior case law, which imbued a parent charged with abuse and/or neglect with veto power over the placement of the child with the noncustodial parent or other relative (*see Matter of Seth Z.,* 45 AD3d 1208 [2007]; *Matter of Tristram K.,* 36 AD3d 147, 152 [2006]).

We note that the record reflects that "conditions exist [in] which equity would see fit to intervene" (Domestic Relations Law § 72 [1]), and which are sufficient to award the maternal grandparents visitation in the best interests of the subject child. Accordingly, the mother sets forth no grounds for disturbing the order appealed from. Dillon, J.P., Miller, Belen and Chambers, JJ., concur.