■ In the Matter of VALERIE D. WEISS, Appellant, v JESSICA R. WEISS et al., Respondents. [36 NYS3d 203]—

Appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated January 26, 2015. The order dismissed, without a hearing, the maternal grandmother's petition pursuant to Family Court Act article 6 for custody of the subject child.

Ordered that the order is reversed, on the law, without costs or disbursements, the maternal grandmother's petition for custody of the subject child is reinstated, and the matter is remitted to the Family Court, Orange County, for a hearing on the maternal grandmother's petition, to be conducted before the same Judge hearing the maternal grandmother's petition in a related proceeding for visitation with the subject child commenced under docket No. V-317-15, and conducting a dispositional hearing in related proceedings to terminate the mother's parental rights commenced under docket Nos. B-1841-14 and B-1845-14, and a new determination thereafter.

The maternal grandmother commenced this proceeding pursuant to Family Court Act article 6 for custody of the subject child two months before the Orange County Department of Social Services commenced proceedings against the mother pursuant to Social Services Law § 384-b, seeking to terminate her parental rights and free the child for adoption (hereinafter the termination proceedings). At the first appearance on the grandmother's petition, the Family Court noted the anticipated termination proceedings and determined that it would defer the grandmother's custody petition until after those proceedings were concluded. In an order dated June 17, 2014, the Family Court denied the grandmother's application for an immediate trial on her custody petition prior to any proceedings being conducted in the termination proceedings. The court thereafter held a fact-finding hearing in the termination proceedings. When the mother failed to appear for the continued hearing, the Family Court proceeded with an inquest, then entered orders of fact-finding and disposition, upon the mother's

default, terminating her parental rights on the grounds of mental illness and permanent neglect, and freeing the child for adoption. In the order appealed from, the Family Court dismissed the grandmother's custody petition, without a hearing, on the ground that she lacked standing.

A grandparent has standing to seek custody of a child pursuant to Family Court Act article 6 when the child is in foster care, and is generally entitled to a hearing (*see* Domestic Relations Law § 72 [2] [a]; *Matter of Gabriel James Mc.*, 60 AD3d 1066 [2009]; *Matter of Seth Z.*, 45 AD3d 1208, 1211 [2007]; *Matter of Tristram K.*, 25 AD3d 222, 226 [2005]). While the grandmother was not entitled to an immediate hearing on her custody petition prior to the determination made at the conclusion of the fact-finding hearing in the termination proceedings against the mother (*see Matter of Donna KK. v Barbara I.*, 32 AD3d 166, 168-169 [2006]), the proper procedural course would have been for the Family Court to consider her custody petition in the context of a dispositional hearing in the underlying termination proceedings, wherein the court would determine the best interests of the child (*see Matter of Carolyn S. v Tompkins County Dept. of Social Servs.*, 80 AD3d 1087, 1088 [2011]; *Matter of Carl G. v Oneida County Dept. of Social Servs.*, 24 AD3d 1274, 1275 [2005]; *Matter of Karen A.O. v Child Protective Servs.*, 6 AD3d 1100, 1100-1101 [2004]; *Matter of Ella J. v Iva J.*, 4 AD3d 527, 528 [2004]; *Matter of Violetta K. v Mary K.*, 306 AD2d 480, 481 [2003]; *Matter of Gladys B. v Albany County Dept. of Social Servs.*, 274 AD2d 689, 690 [2000]). The grandmother did not testify at the fact-finding hearing or any of the permanency hearings held in relation to the termination proceedings against the mother, and was therefore never afforded the right to be heard on the issues (*cf. Matter of Brendan N. [Arthur N.]*, 79 AD3d 1175, 1179 [2010]; *Matter of Gerald BB.*, 51 AD3d 1081, 1085-1086 [2008]). Accordingly, the Family Court erred in failing to resolve the custody petition before freeing the child for adoption (*see Matter of Carl G. v Oneida County Dept. of Social Servs.*, 24 AD3d 1274, 1275 [2005]).

Since the dispositional portions of the orders of fact-finding and disposition terminating the mother's parental rights have been vacated on the mother's related appeal (*see Matter of Isabella R.W. [Jessica W.]*, 142 AD3d 503 [2016] [decided herewith]), we reverse the order dismissing the grandmother's custody petition, reinstate her petition, and remit the matter to the Family Court, Orange County, for a hearing on her custody petition, to be conducted in the context of the disposi-

tional hearing in the termination proceeding against the mother. Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.