Matter of Carter v Administration for Children's Servs. (2019 NY Slip Op 07062)





Matter of Carter v Administration for Children's Servs.


2019 NY Slip Op 07062


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-09160
 (Docket No. V-10062-16)

[*1]In the Matter of Charles Carter, et al., appellants,
v
Administration for Children's Services, et al., respondents.


Michael A. Fiechter, Bellmore, NY, for appellants.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Ashley R. Garman of counsel), for respondent Administration for Children's Services.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the grandparents appeal from an order of the Family Court, Queens County (Diane Costanzo, J.), dated June 21, 2018. The order dismissed, without prejudice, the maternal grandparents' petition for custody of the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
In January 2016, the Administration for Children's Services (hereinafter ACS) removed the seven-month-old subject child from his mother's care after her arrest for prostitution and child endangerment, and the child was ultimately placed with a nonkinship foster family. In a subsequent neglect proceeding, the Family Court entered a finding of neglect against the mother without an admission of neglect and upon her consent. The maternal grandparents, who lived in Maine and had previously adopted the subject child's older sibling, filed a petition for custody of the subject child. Upon learning that the mother intended to execute a conditional surrender of the child to free him for adoption by the foster parents, the court dismissed the grandparents' custody petition without prejudice, thereby permitting them to intervene in a termination of parental rights proceeding should the mother decide not to execute the conditional surrender. ACS commenced a termination of parental rights proceeding against the mother, but prior to the commencement of a fact-finding hearing, the mother executed a surrender of the child on the condition that the foster parents adopt him.
Once the mother executed a conditional surrender of her parental rights freeing the child for adoption by the foster parents, the Family Court properly dismissed the grandparents' custody petition. "A nonparent relative takes no precedence for custody over the adoptive parents selected by an authorized agency" (Matter of Ella J. v Iva J., 4 AD3d 527, 528; see Matter of Peter L., 59 NY2d 513, 520; Matter of El v Administration for Children's Servs.-Queens, 159 AD3d 700, 701; Matter of Linda S. v Krishnia S., 50 AD3d 805).
Here, the maternal grandparents sought custody of the child, but they did not seek to adopt him. Since the mother surrendered her parental rights to the child on the condition that he be adopted by the foster parents, we agree with the Family Court's dismissal of the grandparents' custody petition.
The grandparents' remaining contentions are waived, unpreserved for appellate review, or not properly before this Court.
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court