Matter of Justice V. (Stephanie M.) (2021 NY Slip Op 03129)





Matter of Justice V. (Stephanie M.)


2021 NY Slip Op 03129


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Docket No. B-43944/16, V-17504/17 Appeal No. 13826-13826A Case No. 2020-01296 

[*1]In the Matter of Justice V., a Child Under Eighteen Years of Age, etc., New York Foundling Hospital, et al., Petitioners-Respondents, Stephanie M., et al., Respondents.
In the Matter of Ana R.V., Petitioner-Appellant,
Administration for Children's Services, et al., Respondents.


Larry S. Bachner, New York, for appellant.
Daniel Gartenstein, Long Island City, for respondents.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.



Orders, Family Court, New York County (Emily M. Olshansky, J.), entered on or about January 7, 2020 and January 22, 2020, which, upon the finding that the subject child's biological parents permanently neglected him, the termination of their parental rights to the child, and the transfer of custody of the child to petitioner agency and the Administration for Children's Services for purposes of adoption, dismissed petitioner-appellant's petition for custody of the child or visitation, with prejudice, unanimously affirmed, without costs.
Petitioner-appellant, the child's paternal grandmother, "has no preemptive statutory or constitutional right to custody surpassing that of persons who might be selected by the agency as suitable adoptive parents" (Matter of Geneva B. v Administration for Children's Servs., 73 AD3d 406, 406 [1st Dept 2010]; see Matter of Geneva B. v Administration for Children's Servs., 73 AD3d 406, 406 [1st Dept 2010]). The record shows that the child has a close relationship with the foster parent, who has loved and cared for him since he was but a few months old, while the grandmother failed to bond with the child. She did not try to communicate with him and visited him infrequently; after their visits, the child usually exhibited signs of stress. When the agency indicated that it would consider her as a custodial parent on condition that she remove the child's father, who had been arrested and subsequently convicted for assault in the first degree against the child's Mother (see Matter of Richie N.V. [Stephanie M.], 174 AD3d 427, 428 [1st Dept 2019], lv denied 34 NY3d 901 [2019]), from the home, the grandmother refused. Although she knew that the child had special needs, the grandmother also said that she would not participate in any special needs training. In view of the foregoing, it would not be in the child's best interests to grant the grandmother custody of him (see Matter of Julianna Victoria S. [Benny William W.], 89 AD3d 490 [1st Dept 2011], lv denied 18 NY3d 805 [2012]). The record also shows that resumption of visitation between the grandmother and the child would not be in the child's best interests (see Matter of Attallah N., 65 AD3d 1047, 1048-1049 [2d Dept 2009], lv denied 13 NY3d 714 [2010]).
The hearing on the custody petition was properly consolidated with the dispositional hearing at the termination proceeding (see Matter of Weiss v Weiss, 142 AD3d 507, 508 [2d Dept 2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021