Matter of Serena G. (Monica M.) (2022 NY Slip Op 04547)

Matter of Serena G. (Monica M.)

2022 NY Slip Op 04547

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2021-01447
 (Docket Nos. N-1396-19, N-4669-20)

[*1]In the Matter of Serena G. (Anonymous). Suffolk County Department of Social Services, respondent; Monica M. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Vincent G. (Anonymous). Suffolk County Department of Social Services, respondent; Monica M. (Anonymous), appellant. (Proceeding No. 2)

Steven M. Burton, Central Islip, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (James G. Bernet of counsel), for respondent.
Alexandra M. Hennessy, Commack, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an amended order of fact-finding and disposition of the Family Court, Suffolk County (Matthew Hughes, J.), dated February 4, 2021. The amended order of fact-finding and disposition, insofar as appealed from, upon a decision of the same court dated October 9, 2020, made after a fact-finding hearing with respect to the child Serena G. and without a fact-finding hearing with respect to the child Vincent G., and after a dispositional hearing with respect to both children, found that the mother neglected the child Serena G. and derivatively neglected the child Vincent G.
ORDERED that the amended order of fact-finding and disposition is modified, on the law, by deleting the provision thereof finding that the mother derivatively neglected the child Vincent G.; as so modified, the amended order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a fact-finding hearing and a new determination on the merits of the petition to adjudicate the child Vincent G. to be derivatively neglected.
In January 2019, a neglect proceeding was commenced against the mother with respect to her child, Serena G. On March 12, 2020, the Family Court began a fact-finding hearing on the neglect petition as to Serena. While the proceeding as to Serena was pending, the mother gave birth to a second child, Vincent G., and in April 2020, a petition alleging derivative neglect was filed as to Vincent. The fact-finding hearing continued on August 20, 2020, and September 3, 2020. In a decision dated October 9, 2020, the court determined that the mother neglected Serena and derivatively neglected Vincent. A dispositional hearing was held on December 14, 2020, January [*2]13, 2021, and February 4, 2021. In an amended order of fact-finding and disposition dated February 4, 2021, the court, among other things, found that the mother neglected Serena and derivatively neglected Vincent. The mother appeals.
"To establish neglect, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Chaim R. [Keturah Ponce R.], 94 AD3d 1127, 1130; see Matter of Na'ima W. [Kenyatta W.], 192 AD3d 1127, 1128). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868; see Matter of Angelia S. [Jesus S.], 181 AD3d 680, 681).
Here, the Family Court's finding that the mother neglected Serena by engaging in acts of domestic violence against the maternal grandmother while holding Serena was supported by a preponderance of the evidence. The mother admitted to the caseworker that she bit the maternal grandmother in the arm while holding Serena in her arms. "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Skye H. [Tianna S.], 195 AD3d 711, 714; see Matter of Boobacar R. [Curtis G.], 188 AD3d 1073, 1075; Matter of Kiara C. [David C.], 85 AD3d 1025, 1026).
However, with respect to the petition alleging derivative neglect as to Vincent, the mother correctly contends that the Family Court improperly made findings of fact without a hearing on that petition. On August 20, 2020, which was the second day of the fact-finding hearing on the neglect petition as to Serena, the court described the proceeding as a "continuing trial," and made no reference on the record to the newly-filed derivative neglect petition as to Vincent (see Family Ct Act § 1041[a]). On September 3, 2020, the third day of the fact-finding hearing, the court again made no reference to Vincent. The only reference in the available record to the Family Court directing a joint hearing or consolidation of the two petitions occurred at the commencement of the dispositional hearing on December 14, 2020, at which time the court confirmed that it had consolidated the petitions for purposes of its decision dated October 9, 2020.
The right to due process encompasses a "meaningful opportunity to be heard" at a fact-finding hearing on a neglect petition (Matter of Tequan R., 43 AD3d 673, 679), and to "present evidence relevant to the proceedings" (Matter of Roy Anthony A., 59 AD2d 662, 663). Accordingly, the proceeding with respect to Vincent must be remitted to the Family Court, Suffolk County, for a fact-finding hearing, in order to afford the parties an opportunity to introduce evidence relevant to the petition to adjudicate Vincent a derivatively neglected child, including, among other things, whether at the time the neglect petition was filed with respect to Vincent the mother had resolved the issues that were the basis of the finding of neglect as to Serena (see Matter of Sebastian Y. [John S.], 185 AD3d 597, 598; Matter of Elijah G. [Chastity G.], 184 AD3d 825, 827-828; Matter of Karm'Ny QQ. [Steven QQ.], 114 AD3d 1101, 1102; Matter of Cassandra M., 260 AD2d 961, 963).
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.

2021-01447 DECISION & ORDER ON MOTION
In the Matter of Serena G. (Anonymous).
Suffolk County Department of Social Services,
respondent; Monica M. (Anonymous), appellant.
(Proceeding No. 1)
In the Matter of Vincent G. (Anonymous).
Suffolk County Department of Social Services,
respondent; Monica M. (Anonymous), appellant.
(Proceeding No. 2)
(Docket Nos. N-1396-19, N-4669-20)

Motion by the appellant on an appeal from an amended order of fact-finding and disposition of the Family Court, Suffolk County, dated February 4, 2021, inter alia, in effect, for an order determining that certain material contained in the original papers will not be considered in the determination of the appeal. By decision and order on motion of this Court dated August 25, 2021, that branch of the motion which is, in effect, for an order determining that certain material contained in the original papers will not be considered in the determination of the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is, in effect, for an order determining that certain material contained in the original papers will not be considered in the determination of the appeal is denied.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court