Matter of Fatuma I. (Ernest I.--Marie V A.) (2022 NY Slip Op 07234)

Matter of Fatuma I. (Ernest I.--Marie V A.)

2022 NY Slip Op 07234

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2022-00545
 (Docket Nos. N-6631-15, N-6632-15, N-6633-15)

[*1]In the Matter of Fatuma I. (Anonymous). Administration for Children's Services, petitioner-respondent; Ernest I. (Anonymous), appellant; Marie. A. (Anonymous), respondent. (Proceeding No. 1.)
In the Matter of Kedasa I. (Anonymous). Administration for Children's Services, petitioner-respondent; Ernest I. (Anonymous), appellant; Marie V. A. (Anonymous), respondent. (Proceeding No. 2.)
In the Matter of Leila I. (Anonymous). Administration for Children's Services, petitioner-respondent; Ernest I. (Anonymous), appellant; Marie V. A. (Anonymous), respondent. (Proceeding No. 3.)

Carol L. Kahn, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Kevin Osowski of counsel), for petitioner-respondent.
Cheryl Charles-Duval, Brooklyn, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Kings County (Frank M. Hoelldobler, Ct. Atty. Ref.), dated January 13, 2022. The order, insofar as appealed from, directed that the father shall not be present with the subject children unsupervised, that the father's parental access with the subject children shall be supervised by the mother or the maternal grandfather, and that the father shall not reside in or spend the night in the subject children's home while the subject children are present.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith; and it is further,
ORDERED that pending a permanency hearing with respect to the father's access to the subject children and a new determination thereafter, the provisions of the order directing that the father shall not be present with the subject children unsupervised, that the father's parental access with the subject children shall be supervised by the mother or the maternal grandfather, and that the father shall not reside in or spend the night in the subject children's home while the subject children are present shall remain in effect.
In 2015, the three subject children were removed from the care of their parents on the grounds of sexual abuse and derivative abuse, and the children were placed in kinship guardianship with the maternal grandfather. This Court subsequently affirmed an October 17, 2019 order of the Family Court which continued the children's placement in kinship guardianship and denied the parents' separate applications for a trial discharge of the children (see Matter of Leila I. [Marie V.A.], 191 AD3d 878). Thereafter, the Family Court conducted several permanency hearings over the next few years to plan for the children's future. On January 13, 2022, the Family Court issued an order (hereinafter the January 2022 order) granting a final discharge of the children to the care of the mother. The January 2022 order, inter alia, directed that the father shall not be present with the children unsupervised, that the father's parental access with the children shall be supervised by the mother or the maternal grandfather, and that the father shall not reside in or spend the night in the children's home while the children are present. The father appeals.
The Family Court did not hold a hearing before entering the provisions of the January 2022 order regarding the father's access to the children, and the father had no opportunity to be heard with respect to those provisions in the January 2022 order (see Matter of Serena G. [Monica M.], 207 AD3d 543, 545; Matter of Weiss v Weiss, 142 AD3d 507, 507-508). The record demonstrates that, at the last permanency hearing on November 29, 2021, the court, noting that both the father and the petitioner's caseworker were absent due to circumstances beyond the parties' control, directed the petitioner to hold a final discharge conference and to issue an updated report by January 13, 2022, so that the father could be apprised of the proposed discharge plan and the court could "have a meaningful permanency hearing" at the next court date, which the court scheduled for February 1, 2022. Notwithstanding the foregoing, on January 13, 2022, the court issued the January 2022 order, apparently with the consent of the petitioner and the mother. No court proceeding occurred, nor does the record reflect that the father was present for a discharge conference that was to be held by the petitioner. Under these circumstances, the provisions of the January 2022 order relating to the father's access to the children must be reversed and the matter remitted to the Family Court, Kings County, to conduct a new permanency hearing with respect to the father's access to the children (see Matter of Serena G. [Monica M.], 207 AD3d at 545; Matter of Weiss v Weiss, 142 AD3d at 507-508). The provisions of the January 2022 order governing the father's access to the children shall remain in effect pending a new permanency hearing on the issue and a new determination thereafter.
The father's remaining contentions need not be reached in light of this determination.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court