■ In the Matter of Antonio E.B., an Infant. In the Matter of Maritza J., Appellant, v Ramona J. et al., Respondents. [52 NYS3d 348]—

Order of fact-finding and disposition (one paper), Family Court, New York County (Jane Pearl, J.), entered on or about July 21, 2015, to the extent it denied, after a hearing, petitioner maternal aunt's petition for custody of the subject child, unanimously affirmed, without costs. Appeal from permanency hearing order, same court (Christopher W. Coffey, Ref.), entered on or about July 23, 2015, which determined that petitioner agency had exercised reasonable efforts to make and finalize the permanency plan of adoption, unanimously dismissed, without costs.

A preponderance of the evidence supports the Family Court's order denying petitioner maternal aunt's application to have custody of the child returned to her (*see Matter of Keith H. [Logann M.K.]*, 113 AD3d 555, 556-557 [1st Dept 2014]). The

hearing demonstrated that the child has special needs that are being met by his foster mother, he is thriving in her care and he is living with his two older siblings, who had already been adopted by the foster mother (*see Matter of Ender M.Z.-P. v Administration for Children's Servs.*, 128 AD3d 713 [2d Dept 2015]). Although appellant loves the child and stopped caring for him through no fault of her own, the testimony adduced at the hearing demonstrated that she was physically incapable of providing the child with proper care after suffering an aneurism and stroke (*see Matter of Peter L.*, 59 NY2d 513, 521 [1983]; *Matter of Angellynn S.H.W. [Vivian N.V.]*, 93 AD3d 1349, 1351 [4th Dept 2012]). The testimony also established that appellant lacked insight into the child's special needs and lacked the parental judgment necessary to provide him with proper custody and guardianship, because she allowed people she did not know very well to live in her home and continued to allow them to stay there even after one of them began using marijuana (*see e.g. Matter of Nikole S. v Jordan W.*, 123 AD3d 497 [1st Dept 2014], *lv dismissed* 24 NY3d 1211 [2015], *lv denied* 24 NY3d 916 [2015]).

The purported appeal from the July 23, 2015 permanency hearing order is dismissed because appellant was not a party to the termination proceeding and never sought to intervene pursuant to Family Court Act § 1035 (*see Harris v City of New York*, 28 AD3d 223, 224 [1st Dept 2006], *lv denied* 7 NY3d 704 [2006]; *Matter of Dana XX.*, 28 AD3d 1025, 1026 [3d Dept 2006]). Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.