Matter of Jeselle K.J. v Alexis J. (2025 NY Slip Op 03763)

Matter of Jeselle K.J. v Alexis J.

2025 NY Slip Op 03763

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Webber, J.P., Friedman, Kapnick, Higgitt, Michael, JJ. 

Docket No. V-19960/13, G-37582/19|Appeal No. 4622|Case No. 2024-05095|

[*1]In the Matter of Jeselle K.J., Petitioner-Appellant,
v
Alexis J., et al., Respondents-Respondents. 

Law Office of Thomas R. Villecco, P.C., New York (Thomas R. Villecco of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Mackenzie Fillow of counsel), for Administration for Children's Services, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.

Order, Family Court, Bronx County (Ashley B. Black, J.), entered on or about July 31, 2024, which, to the extent appealed from as limited by the briefs, dismissed petitioner maternal grandmother's petitions for visitation and custody of the subject child, and continued the child's placement in foster care, unanimously affirmed, without costs.
A sound and substantial basis in the record supports Family Court's dismissal of petitioner's petition for guardianship of the child and continued placement with the child's long-term foster parent, who has provided the now eight-year-old child with a loving and stable home continuously since the child's placement at the age of two (see Matter of Geneva B. v Administration for Children's Servs., 73 AD3d 406 [1st Dept 2010]). The foster mother is well-bonded with the child and has met all of the child's special needs in the best way possible.
By contrast, petitioner minimized the child's educational achievements and refused to recognize mental health issues, attributing the child's behavioral challenges to placement in foster care and minimizing the diagnoses, and did not support special education for the child (see Matter of Antonio E.B., 149 AD3d 540, 541 [1st Dept 2017]).
Furthermore, petitioner was observed to be incapable of calming or controlling the child during supervised visits, and safety concerns remained an issue, as petitioner proposed impractical means for managing the child (see Matter of Justice V. [Stephanie M.],194 AD3d 531, 532 [1st Dept 2021], lv denied 37 NY3d 905 [2021]; Matter of Grace L. v. James C., 96 AD3d 566, 566 [1st Dept 2012]).
Petitioner failed to present evidence to contradict the totality of the circumstances that make her an unsuitable guardian for the child (see Matter of Alexander H. v Sheltering Arms Children & Family Servs., 196 AD3d 415, 415 [1st Dept 2021]). This finding, based on the court's credibility determinations, is entitled to deference (see Matter of Trina L. v Michelene M., 227 AD3d 472, 474 [1st Dept 2024]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025